IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| JESSICA URIBE, ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| v. | | Case No.: GJH-14-0022 |
| | * | |
| AARON'S, INC. | | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This is a diversity action brought by Plaintiffs Jessica Uribe and Ann Uribe (collectively, "Plaintiffs") against Aaron's, Inc. ("Defendant") arising from Plaintiffs' purchase of several mattresses from Defendant's store that were allegedly infested with bedbugs. This Memorandum and Order addresses Defendant's Motion for Summary Judgment (ECF No. 23). I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated below, Defendant's Motion for Summary Judgment is DENIED.

**I.     BACKGROUND**

Defendant is in the business of selling and leasing furniture, consumer electronics, home appliances, and accessories for residential customers. ECF No. 2 at ¶ 3. On September 28, 2011, Plaintiffs purchased three mattresses from Defendant's store that were delivered to Plaintiffs' home several weeks later. *Id.* at ¶¶ 6, 7. On November 6, 2011, shortly after Plaintiffs noticed that all three mattresses were allegedly infested with bedbugs, Plaintiff Jessica Uribe called Defendant to speak with a manager. *Id.* at ¶¶ 8, 9. Plaintiffs claim the manager

denied the possibility of bedbugs and told Plaintiff Jessica Uribe that nothing could be done. *Id.* at ¶ 9. That same day, Plaintiff Jessica Uribe purportedly took her son to the hospital after noticing he had bites on his skin from the bedbug infestation. *Id.* at ¶ 12. Around the same time, Plaintiff Ann Uribe also claims to have noticed bites on her skin from the bedbug infestation. *Id.* at ¶ 13.

As a result of the infestation, Plaintiffs contend they were forced to buy bed covers and insect spray to treat the infested mattresses. *Id.* at ¶ 11. Plaintiffs also claim they hired an exterminator who allegedly found evidence of bedbugs and recommended treating the furniture. *Id.* at ¶ 17. Plaintiffs contend that the bedbug infestation spread to their couch as well. *Id.* at ¶ 18. Ultimately, Plaintiffs claim they were forced to remove the mattresses from their home and store them in an off-site location. *Id.* at ¶ 14. According to Plaintiffs, Defendant has refused to remove the infested items, despite Plaintiffs' repeated requests. *Id.* at ¶ 16. Plaintiffs contend that as a result of Defendant's failure to promptly verify and eradicate the bedbugs, Plaintiffs have been deprived of the normal use and enjoyment of their home. *Id.* at ¶ 26. Additionally, Plaintiffs contend that they moved to a new residence, in part, because of the bedbug infestation. *Id.* at ¶ 27.

Plaintiffs therefore filed this action claiming that Defendant was negligent by (i) failing to maintain and sell clean and usable furniture; (ii) failing to inspect the mattresses after Plaintiffs called Defendant to give notice of the bedbugs; (iii) failing to take any remedial action to eradicate the bedbugs or to correct the situation; (iv) failing to train critical staff on how to identify the signs of bedbug infestations; and (v) failing to retain a properly licensed and trained pest control professional. *Id.* at ¶ 37. Additionally, Plaintiffs allege that Defendant violated the

Maryland Consumer Protection Act by misrepresenting the quality of the mattresses at the time of purchase. *Id.* at ¶¶ 39-47. Defendant has moved for summary judgment. *See* ECF No. 23.

## II. STANDARD OF REVIEW

Summary judgment is properly granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 806 (4th Cir. 2007) (citing Fed.R.Civ.P.56(c)). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. To satisfy this burden, the non-moving party "must produce competent evidence on each element of his or her claim." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999). Although the Court "must draw all reasonable inferences in favor of the non-moving party," that party "may not create a genuine issue of material fact through mere speculation, or building one inference upon another." *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Runnenbaum v. NationsBank*, 123 F.3d 156, 163 (4th Cir. 1997). Indeed, the existence of only a "scintilla of evidence" is not enough to defeat summary judgment. *Anderson*, 477 U.S. at 251. Instead, the admissible evidentiary materials submitted must show facts from which the finder of fact could reasonably find in favor of the non-moving party. *Id.*

## III. DISCUSSION

Defendant's summary judgment motion hinges on the timeliness of Plaintiffs' responses to Defendant's Requests for Admissions ("Requests"). Defendant served the Requests on Plaintiffs on May 16, 2014. *See* ECF No. 23-1 at 4. Plaintiffs' responses were originally due on June 16, 2014. *See* Fed.R.Civ.P. 36(a)(3). The parties, however, agreed to extend Plaintiffs' deadline until July 11, 2014. *See* ECF No. 23-1 at 2. Despite this extension, Plaintiffs failed to meet the new deadline (*id.* at 4); instead, they responded over a month later on August 19, 2014 (several weeks after Defendant filed its motion for summary judgment). *See* ECF No. 26 at 2. As a result of Plaintiffs' delay, Defendant argues that the Court should accept, as true, the facts contained in Defendant's Requests pursuant to Fed.R.Civ.P. 36(a)(3), which provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *See* Fed.R.Civ.P. 36(a)(3); *see also* ECF No. 23-1 at 4-6.

Specifically, Defendant contends that that the following facts have been admitted as a result of Plaintiffs' failure to timely respond to Defendant's Requests:

- No entomologist confirmed the presence of bedbugs in Plaintiffs' home after they were allegedly discovered on November 6, 2011.

- Plaintiffs did not have the subject home professionally treated for the bedbugs that are the subject of their Complaint.

- Plaintiffs did not notify Defendant's that the mattresses were infested with bedbugs until April 2012.

- Plaintiffs refused to allow Defendant's to inspect the subject home for the presence of bedbugs on at least one occasion.

- No expert confirmed that any bedbug infestation in the subjection home originated in the furniture delivered by Defendants to Plaintiffs.

- Plaintiffs did not receive any medical treatment for bedbug bites.

- Jessica Uribe stopped making payments on her Aaron's account in July 2012.

- Plaintiffs moved from the home located at 352 Tumbleweed Place, Waldorf, Maryland for reasons other than the alleged bedbug infestation.

- Plaintiffs failed to pay rent at the property located at 352 Tumbleweed Place, Waldorf, Maryland on at least one occasion between September 2011 and the date that she vacated the premises.

- Plaintiffs continued to use the mattresses after November 6, 2011.

- Plaintiffs have not been diagnosed with a bedbug allergy.

- Jessica Uribe does not know the type of bug that bit her son, as alleged in paragraph 29 of her Complaint.

- Neither Jessica Uribe nor Ann Uribe received medical treatment for any conditions alleged in paragraph 30 of the Complaint.

- Plaintiffs have not had their bedding professionally dry cleaned as a result of the alleged bedbug infestation.

- Individuals other than named Plaintiffs in this action lived at the property that is the subject of the Complaint during the time period from September 2011 through May 2012.

- Individuals other than the named Plaintiffs in this actioned stayed overnight at the property that is the subject of the Complaint during the time period from September 2011 through May 2012.

*See* ECF No. 23-1 at 4-6. These "admitted" facts, Defendant contends, entitle it to summary judgment. Prior to determining whether these facts, if admitted, would *actually* entitle Defendant to summary judgment, the Court must first decide whether Plaintiffs' failure to timely respond to Defendant's Requests favors the conclusive establishment of these facts against Plaintiffs. For the reasons discussed below, the Court finds that, under the current circumstances, it would not further the interests of justice to deem Plaintiffs to have admitted these central facts.

As an initial matter, Fed.R.Civ.P. 36 does not *require* the Court to treat all facts as admitted when a litigant fails to timely respond to Requests for Admissions. *See United States v. Turk*, 139 F.R.D. 615, 617-18 (D. Md. 1991) (recognizing that "the sanctions expressed by

5

Federal Rule of Civil Procedure 36(a) are not mandatory" for the court). Indeed, "[t]he Rule expressly provides that this Court *may* shorten or lengthen the time a party is allowed to respond." *Id.* (emphasis added); *see also* Fed.R.Civ.P. 36(a)(3) ("[a] shorter or longer time for responding may be stipulated to under Rule 29 *or be ordered by the court*") (emphasis added). As such, the Court may, in its discretion, allow a party more time to file a response to Requests for Admission even though that response might otherwise be untimely. *See e.g.*, *Nguyen v. CNA Corp.,* 44 F.3d 234 (4th Cir. 1995) (noting that it is within the district court's discretion whether to deem requests as admitted or whether to allow an extension of time to respond); *Turk*, 139 F.R.D. at 618 ("because the district court has the power to allow a longer time, courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely") (internal quotation omitted); *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983) ("Therefore, the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted."); *see also* FED. PRAC. & PROC. § 2257, at 719-20 (1970). Thus while, "'admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment,'" *Turk*, 139 F.R.D. at 617 (quoting *Gardner v. Borden, Inc.,* 110 F.R.D. 696, 697 (S.D. W. Va. 1986), the Court does not believe that, under the circumstances presented here, it would further the interests of justice to deem Plaintiffs to have admitted these central facts, especially given the lack of prejudice to Defendants, as well as the Fourth Circuit's "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see also Pickens v. Equitable Life Assur. Soc. of U.S.,* 413 F.2d 1390, 1393 (5th Cir. 1969) (holding that requests for admissions as to central facts in dispute are beyond the proper scope of the rule that requests not

specifically denied or objected to in writing shall be deemed admitted); *Hadra v. Herman Blum Consulting Engineers,* 74 F.R.D. 113, 114 (N.D. Tex. 1977) ("It does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed.").[1]  Accordingly, the Court will not consider the facts in Defendant's Requests to be admitted by Plaintiffs; rather, the Court will accept Plaintiffs' denial of these Requests as contained in its August 19, 2014 court filing.  *See* ECF No. 26 at 2.  Doing so creates a genuine issue of material fact as to the truth or falsity of the Requests.  As such, the Court must DENY Defendant's motion for summary judgment.

IV.     CONCLUSION

For the reasons discussed, Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED.

Dated: September 26, 2014                                                /S/
                                                                                        George Jarrod Hazel
                                                                                        United States District Judge

---

[1] Even if Plaintiffs' failure to timely respond to Defendant's Requests did somehow result in Plaintiffs' admission of the requested facts, Fed.R.Civ.P. 36(b) permits the Court to "withdraw[] or amend[] [admissions] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed.R.Civ.P. 36(b); *see also Webb v. Green Tree Servicing, LLC*, No.-11-2105, 2013 WL 5442423, at *18 (D. Md. Sept. 30, 2013).  Here, withdrawing Plaintiff's admissions would certainly promote the presentation of merits of the action, for otherwise Defendant claim they would be entitled to summary judgment.  Additionally, Defendant has not demonstrated how it has been prejudiced by Plaintiffs' untimely response.  Therefore, even if Plaintiffs' failure to timely respond to Defendant's Requests did result in Plaintiffs' admission of these facts, the Court grants Plaintiffs' alternative request to withdraw its admissions.  Such a result is consistent with the purpose of Rule 36(b) which "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed.R.Civ.P. 36 Advisory Committee's Note on Rules – 1970 Amendment.