UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JESSICA URIBE, et al.,** | * | |
| **Plaintiffs,** | * | |
| v. | * | Civil Action No.: 8:14-CV-00022-GJH |
| **AARON'S INC.** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MOTION FOR SANCTIONS

Defendant Aaron's, Inc. ("Aaron's"), by and through undersigned counsel, hereby moves for sanctions against Plaintiffs under F.R.C.P. 37(d) based on Plaintiffs' complete failure to attend their own depositions, and in support states:

*Background and Timeline*

1.  Aaron's first noted Plaintiffs' depositions on June 16, 2014. The Plaintiffs were to be deposed on July 24, 2014. Plaintiffs' counsel agreed to this date, and Notices of Deposition and Subpoenas were issued accordingly. A copy of Plaintiff Jessica Uribe's Notice of Deposition and Subpoena is attached hereto and incorporated herein by reference as **Exhibit 1**. A copy of Plaintiff Ann Uribe's Notice of Deposition and Subpoena is attached hereto and incorporated herein by reference as **Exhibit 2**.

2.  On July 21, 2014, Plaintiffs' counsel wrote to undersigned counsel to request a continuance of the July 24, 2014 depositions. A copy of the July 21, 2014 letter is attached hereto and incorporated herein by reference as **Exhibit 3**.

3. On July 22, 2014, undersigned counsel wrote to Plaintiffs' counsel and agreed to reschedule the July 24, 2014 depositions. A copy of the July 22, 2014 email is attached hereto and incorporated herein by reference as **Exhibit 4.** This email represented Defendants' first good faith attempt at resolving this discovery matter.

4. Defendant provided proposed dates for the plaintiffs' rescheduled depositions, but did not hear back from plaintiffs. Accordingly, on August 28, 2014, and with the September 2, 2014 discovery deadline quickly approaching, undersigned counsel sent an email to Plaintiffs' counsel to request consent to a 30-day extension of the discovery deadline. The extension was for the limited purpose of scheduling the plaintiffs' depositions. A copy of the August 28, 2014 email is attached hereto and incorporated herein by reference as **Exhibit 5.** This email represented Defendants' second good faith attempt at resolving this discovery matter.

5. Having not received a response from Plaintiffs' counsel to the August 28, 2014 email, Defendant filed a Motion to Extend Scheduling Order on August 29, 2014. The Court granted that Motion on September 3, 2014. In the Order granting the Motion, the Court extended the discovery deadline until October 2, 2014, for the sole purpose of conducting the Plaintiffs' depositions.

6. The parties agreed that the Plaintiffs' depositions would take place on September 24, 2014. Accordingly, on September 3, 2014, Defendant issued Amended Notices of Depositions and subpoenas on the Plaintiffs. A copy of the Amended Notice of Deposition and Subpoena for Jessica Uribe is attached hereto and incorporated herein by reference as **Exhibit 6.** A copy of the Amended Notice of Deposition and Subpoena for Ann Uribe is attached hereto and incorporated herein by reference as **Exhibit 7.**

7. By email dated September 16, 2014, Defendant was notified that the Plaintiffs' counsel's conference room was not available for the September 24, 2014 depositions. That email also indicated that Plaintiff Ann Uribe would require an interpreter. A copy of the September 16, 2014 email is attached hereto and incorporated herein by reference as **Exhibit 8**.

8. Undersigned counsel responded to the September 16, 2014 email on the same date. As noted in counsel's response, a copy of which is attached hereto and incorporated herein by reference as **Exhibit 9**, the depositions could be conducted at a Greenbelt law firm located near the Plaintiffs' counsel, and it made sense to begin with Ann Uribe's deposition, since she would require the interpreter. Plaintiffs' counsel agreed to this arrangement.

9. On September 16, 2014, Defendant issued its Third Amended Notices of Deposition and Subpoenas to the Plaintiffs, which noted the new location and new deposition times as agreed upon with counsel. A copy of the Third[1] Amended Notice of Deposition and Subpoena to Ann Uribe is attached hereto and incorporated by reference herein as **Exhibit 10**. A copy of the Third Amended Notice of Deposition and Subpoena to Jessica Uribe is attached hereto and incorporated herein by reference as **Exhibit 11**.

10. On September 23, 2014, undersigned counsel corresponded with Plaintiffs' counsel regarding the depositions. Undersigned counsel informed Brendan Lally, who indicated that he would be appearing with Plaintiffs at the deposition, that she did not believe either deposition would run very long and it would be helpful if the plaintiffs could come to the depositions together so that the second deposition could begin immediately following the first. Indeed, undersigned counsel had previously made this suggestion to others in plaintiffs'

---

[1] This was a second amendment to the Notices of Deposition; the reference to a "third" amendment was in error.

counsel's office, and it had been agreed to be a good idea. Mr. Lally also wrote back to undersigned counsel to indicate his approval of the arrangement. Accordingly, it was agreed upon and expected that Jessica Uribe and Ann Uribe (who are mother and daughter) would arrive at the depositions together by 10:00 a.m. on September 24, 2014.

***The September 24, 2014 Depositions***

11. On September 24, 2014, undersigned counsel arrived at 6411 Ivy Lane, Suite 200, in Greenbelt, MD (the "Deposition Location") at approximately 9:30 a.m. The Spanish interpreter hired by Defendant also arrived at that time. The court reporter hired by Defendant arrived at approximately 9:45 a.m.

12. At 10:00 a.m., neither Plaintiffs nor their counsel had arrived at the Deposition Location. At 10:10 a.m., Plaintiffs' counsel, Brendan Lally, arrived. At that time, Mr. Lally indicated that the Plaintiffs were on their way. Approximately 5 minutes later, when undersigned counsel inquired as to when the Plaintiffs could be expected, Mr. Lally suggested that it might be another 15-20 minutes.

13. At 10:30 a.m., undersigned counsel asked Mr. Lally if he could call his clients to determine why they were not yet at the Deposition Location. Mr. Lally stepped into the hallway. After 3-4 minutes, Mr. Lally returned and indicated that he could not reach his clients and did not know where they were. Accordingly, at 10:34 a.m., undersigned counsel went on the record to note the plaintiffs' failure to appear at the deposition. Counsel specifically noted the agreement that both Plaintiffs would appear at 10:00 a.m. for the depositions. Mr. Lally also identified himself for the record as being present. He neither objected to any statement made by Defendant's counsel, nor provided any information to suggest the Plaintiffs' whereabouts. A

copy of the September 24, 2014 Deposition Transcript is attached hereto and incorporated herein by reference as **Exhibit 12**.

14. After counsel placed their statements on the record, the interpreter and court reporter left the Deposition Location. As undersigned counsel was preparing to leave the Deposition Location, at 10:44 a.m., she received a voicemail message from Mr. Lally indicating that the Plaintiffs were available for the depositions if the court reporter and interpreter could return. Undersigned counsel attempted a call to the interpreter, but could not reach her.

15. At 10:57 a.m. on that same morning, undersigned counsel received an email from Plaintiffs' counsel Anitha Johnson. A copy of the September 24, 2014 email is attached hereto and incorporated herein by reference as **Exhibit 13**. In the email, Ms. Johnson advised that her clients arrived at her office, rather than the Deposition Location, at 10:30 a.m. The email offers no explanation or apology for the 30 minute delay and does not offer any reason that Plaintiffs appeared at the wrong location.

16. The September 24, 2014 email requests that the Defendant reschedule the Plaintiffs depositions yet again. Indeed, the email requests additional accommodations to better convenience the Plaintiffs. It is worth noting that this was the first time the accommodations were ever mentioned. Further, despite the fact that Defendant would have no duty to schedule the depositions in a particularly convenient location for the Plaintiffs, this was the first time that Defendant became aware that the Deposition Location might not be a convenient location.[2]

---

[2] Defendants' counsel also had to travel approximately 45 minutes to the Deposition Location. The depositions had been originally noted for Plaintiffs' counsel's office, under the assumption that this would be preferable to the Plaintiffs. When Plaintiffs' counsel notified Defendant's counsel that its conference room was unavailable, Defendant's counsel took steps to find another location within approximately 5 minutes of that office. Plaintiffs' counsel thanked Defendant's counsel for securing the Deposition Location, and never suggested an alternate location that would be more convenient to his clients.

***Prejudice to Defendant***

17.     As previously noted, the discovery deadline in this matter originally expired on September 2, but was extended until October 2 for the sole purpose of taking the Plaintiffs' depositions. The Plaintiffs' failure to appear on September 24, 2014 greatly prejudices the Defendant, and leaves only 6 business days for Defendant to take the Plaintiffs' depositions. Unfortunately, and as noted in her email response to Plaintiffs' counsel on September 24, 2014, Defendant's counsel is unavailable to reschedule the depositions during the very short time window before the discovery deadline expires. A copy of the September 24, 2014 response email is attached hereto and incorporated herein by reference as **Exhibit 14**[3].

18.     Even if there were more than a few days remaining for discovery in this case, Defendant has no reason to believe that the Plaintiffs will appear. The originally scheduled depositions in this matter were canceled by Plaintiffs' counsel a mere three days prior. One week prior to the September 24 depositions, Plaintiffs' counsel requested an alternate location, new notices were issued, and yet somehow the Plaintiffs did not know where to appear. And even if they had appeared at the correct location, the Plaintiffs were half an hour late. As this Court is already aware, the Plaintiffs did not respond to written discovery requests until three months after they were served and only when prompted because the Defendant filed a Motion for Summary Judgment. It is impossible for Defendant to have confidence that the Plaintiffs will cooperate after all of these discovery failures and delays.

---

[3] The email mistakenly notes that the discovery deadline is September 30 and notes undersigned counsel's unavailability between September 24 and September 30. However, October 1 and October 2 are also inconvenient dates for the depositions, as counsel is in court on October 3 and is preparing for an extensive mediation on October 9.

6

19.	The court reporter and interpreter fees incurred by Defendant for the September 24 depositions is $684.64. A copy of the invoice from Discovery Litigation Services is attached hereto and incorporated herein by reference as **Exhibit 15**.

20.	Defendant has also incurred attorney's fees to the September 24, 2014 depositions and the preparation of this Motion. When a statement for services rendered by counsel is prepared, Defendant will file a supplemental Exhibit to this Motion to provide a copy of the statement to this Court and to the Plaintiffs.

*Certification of Good Faith Attempts to Resolve Discovery Dispute*

21.	Defendant has acted in good faith with regard to each and every discovery issue that has arisen in this matter. Defendant has offered multiple extensions of time, rescheduled deposition dates, and modified deposition times and locations. It appears that Plaintiffs' counsel has had difficulty reaching their clients at various points during this litigation, but the Defendant cannot continue to be prejudiced by these difficulties. Indeed, it is the Plaintiffs' obligation to pursue their case, and the Federal Rules require them to adhere to certain discovery guidelines in doing so.

*Available Remedies and Relief Sought*

22.	Under F.R.C.P. 37(d), this Court may order a variety of sanctions against a party for disobeying a discovery order, including dismissal of the action.

23.	Defendant has been prejudiced by Plaintiffs' failure to appear at their depositions, as it has no further opportunity to ascertain additional details regarding their claims or to assess their credibility prior to trial. This impacts the Defendants' ability to adequately prepare its

defense. Additionally, Defendant incurred attorney's fees, court reporter fees, and interpreter fees, in its attempt to take the depositions on September 24, 2014.

WHEREFORE, Defendant Aaron's, Inc. respectfully requests that this Honorable Court:

A. Award Aaron's, Inc. reasonable attorney's fees relating to the September 24, 2014 depositions;

B. Award Aaron's, Inc. costs of $684.64, which were incurred for the court reporter and Spanish interpreter that appeared on September 24, 2014;

C. Dismiss Plaintiffs' Complaint with prejudice, and

D. Grant such other and further relief as is deemed appropriate.

Respectfully submitted,

/s/ Kimberly H. Neal
CRAIG D. ROSWELL (Bar No. 09529)
cdroswell@nilesbarton.com
KIMBERLY H. NEAL (Bar No. 28732)
khneal@nilesbarton.com
NILES, BARTON & WILMER, LLP
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6300 (telephone)
(410) 783-6363 (facsimile)
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that, on September 30, 2014, a copy of the foregoing Motion for Sanctions, with exhibits and proposed Order, was filed on this Court's CM/ECF system and electronically served on all counsel of record.

/s/ Kimberly H. Neal
KIMBERLY H. NEAL (Bar No. 28732)