IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| JESSICA URIBE, ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| v. | | Case No.: GJH-14-0022 |
| | * | |
| AARON'S, INC. | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This is a diversity action brought by Plaintiffs Jessica Uribe and Ann Uribe (collectively, "Plaintiffs") against Aaron's, Inc. ("Defendant") arising from Plaintiffs' purchase of several mattresses from Defendant's store that were allegedly infested with bedbugs. This Memorandum and accompanying Order address Defendant's Motion for Sanctions (ECF No. 34) relating to Plaintiffs' failure to attend their properly noticed depositions. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated below, Defendant's Motion for Sanctions is GRANTED, in part, and DENIED, in part.

**I.    BACKGROUND**

Defendant is in the business of selling and leasing furniture, consumer electronics, home appliances, and accessories for residential customers. ECF No. 2 at ¶ 3. On September 28, 2011, Plaintiffs purchased three mattresses from Defendant's store that were delivered to Plaintiffs' home several weeks later. *Id.* at ¶¶ 6, 7. Plaintiffs claim that these mattresses were infested with bedbugs. Accordingly, Plaintiffs filed this action claiming that Defendant was

1

negligent by (i) failing to maintain and sell clean and usable furniture; (ii) failing to inspect the mattresses after Plaintiffs called Defendant to give notice of the bedbugs; (iii) failing to take any remedial action to eradicate the bedbugs or to correct the situation; (iv) failing to train critical staff on how to identify the signs of bedbug infestations; and (v) failing to retain a properly licensed and trained pest control professional. *Id.* at ¶ 37.

As this case proceeded into discovery, Defendant noticed Plaintiffs' depositions for July 24, 2014. *See* ECF Nos. 34-1 & 34-2. On July 21, 2014, however, Plaintiffs requested a continuance of the scheduled depositions. *See* ECF No. 34-3. Despite an e-mail from Defense counsel to Plaintiffs' counsel on July 22, 2014 seeking new dates on which to reschedule the depositions, Defense counsel did not hear from Plaintiffs' counsel for over a month. *See* ECF No. 34 at 2; *see also* ECF No. 34-4. With the discovery deadline approaching on September 2, 2014, and still without new dates for Plaintiffs' depositions, Defense counsel, on August 28, 2014, requested Plaintiffs' consent to a 30-day extension of the discovery deadline for the limited purpose of taking Plaintiffs' depositions. *See* ECF No. 34-5. Plaintiffs did not respond. *See* ECF No. 34 at 2. Accordingly, Defendant unilaterally filed a motion seeking an extension of the discovery deadline until October 2, 2014, for the sole purpose of taking Plaintiffs' depositions. *See* ECF No. 28. The Court granted Defendant's request. *See* ECF No. 31.

Ultimately, the parties agreed that Plaintiffs' depositions would take place on September 24, 2014. *See* ECF No. 34 at 2. Accordingly, on September 3, 2014, Defendant issued Amended Notices of Depositions for Plaintiffs. *See* ECF Nos. 34-6 & 34-7. On September 16, 2014, Plaintiffs' counsel notified Defendant that the conference room designated to host Plaintiffs' depositions was not available. *See* ECF No. 34-8. Defense counsel responded and indicated that

a law firm located near Plaintiffs' counsel's office would be available to host the depositions. *See* ECF No. 34-9. Plaintiffs' counsel agreed to this arrangement. *See* ECF No. 34 at 3.

On September 16, 2014, Defendant issued its Second Amended Notices of Deposition to Plaintiffs, which specifically noted the new location and new times of the depositions. *See* ECF Nos. 10 & 11. The day before the depositions, counsel for both parties confirmed their understanding that the depositions would begin at 10:00 am on September 24, 2014 at the location identified by Defense counsel. By 10:00 am on September 24, 2014, however, neither Plaintiffs' counsel nor Plaintiffs had arrived at the deposition location. *See* ECF No. 34 at 4. It was not until 10:10 am that Plaintiffs' counsel arrived, at which point he indicated that Plaintiffs were on their way. *See id.* By 10:30 am, Plaintiffs still had not arrived. *See id.* As such, Plaintiffs' counsel called his clients to determine their whereabouts; he was unable to reach them, however. *See id.* At 10:34 am, Defense counsel went on the record at the deposition to indicate Plaintiffs' failure to attend. *See* ECF No. 34-12. After Defense counsel placed her statement on the record, the interpreter and the court reporter, who were also present, were excused from the deposition. *See* ECF No. 34 at 5.

At 10:44 am, Plaintiffs' counsel left a voicemail with Defense counsel indicating that Plaintiffs were now available for the depositions if the court reporter and the interpreter could return. *See id.* Despite Defense counsel's attempt, however, she was unable to get in touch with the interpreter. *See id.* Accordingly, the deposition could not take place on the scheduled day. *See id.* According to Plaintiffs' counsel, the reason why Plaintiffs did not attend their depositions was because they arrived at Plaintiffs' counsel's office, instead of the actual deposition location. *See* ECF No. 34-13. Plaintiffs therefore requested that their depositions once again be rescheduled. *See* ECF No. 34 at 5. As a result of Plaintiffs' failure to attend their depositions,

3

Defendant filed the instant motion for sanctions. For the reasons discussed below, the Court will grant Defendant's motion, in part, and deny it, in part.

## II. DISCUSSION

Defendant moves for sanctions pursuant to Federal Rule of Civil Procedure 37(d). *See* ECF No. 34. Fed.R.Civ.P. 37(d) permits a court to order sanctions against a party when that "party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A). Defendant requests that the Court issue sanctions against Plaintiffs for their failure to attend their properly noticed depositions. *See* ECF No. 34. Specifically, Defendant requests that the Court dismiss Plaintiffs' complaint with prejudice, and order them to pay attorneys' fees, as well as costs associated with Plaintiffs' missed depositions.

"Rule 37(b)(2) gives the court [] broad discretion to make whatever disposition is just in the light of the facts of the particular case." *Warren v. United States*, No. 10-3015, 2011 WL 3608189, at *1 (D. Md. Aug. 15, 2011) (citing FED. PRAC. & PRO. § 2289 (3d ed. 2010)); *see also Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 518 (D. Md. 2000) ("Federal district courts possess great discretion to sanction parties for failure to obey discovery orders."). However, "[d]ismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v.Codesco*, 569 F.2d 807, 810 (4th Cir. 1978)). Indeed, "the Fourth Circuit has 'encouraged trial courts initially to consider imposing sanctions less severe than [dismissal],' such as awards of costs and attorneys' fees, to ensure that the noncompliant party had fair warning of a default judgment.'" *Steigerwald v. Bradley*, 229 F.Supp.2d 445, 449 (D. Md. 2002) (quoting *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995)). Thus, in determining whether dismissal under Rule 37 is appropriate, a district court should consider the following four factors: "(1) whether the

4

noncomplying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte–Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (internal quotations omitted).

The first of the four factors this Court must consider is whether Plaintiffs acted in bad faith when they failed to appear for their properly noticed depositions. Courts have had "little trouble in finding the requisite bad faith or fault where the party has . . . failed to appear at depositions without an attempt at explanation." *Porreca v. Mitchell L. Morgan Mgmt., Inc.*, No. 08-1924, 2009 WL 400626, at *4 (D. Md. Feb. 13, 2009) (quoting *Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1458 (D.C. Cir. 1986)). Given the repeated delays in the taking of the depositions caused by Plaintiffs, and their failure to provide a sufficient excuse for their failure to appear at their depositions, the Court finds sufficient bad faith to impose sanctions against Plaintiffs.

The Court must next look at the prejudice to Defendant caused by Plaintiffs' failure to appear at their depositions. Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party," Defendant, by failing to appear at their properly noticed depositions, have undermined this purpose and caused significant prejudice to Defendant as it was unable to obtain information critical to its defense of the case. *Middlebrooks v. Sebelius*, No. 04–2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009); *see also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc.s, Inc.*, 872 F.2d 88, 92 (4th Cir.1989) (holding consideration of prejudice "necessarily includes an inquiry into the materiality of the evidence [the nonmovant] failed to produce"). Furthermore, Defendant suffered additional prejudice in the form of added expenses, aggravation, and delay caused by

5

Plaintiffs' failure to attend their depositions. *See, e.g.*, *Parks v. Huff*, 955 F.2d 42, 1992 WL 21363, at *2 (4th Cir. 1992) (stating that expense and time lost constitute prejudice); *McCloud v. SuperValu, Inc.*, No. 12-373, 2013 WL 1314964, at *4 (D. Md. Mar. 27, 2013) (same); *Khepera-Bey v. Santander Consumer USA Inc.*, No. WDQ-11-1269, 2013 WL 451325, at *3 (D. Md. Feb. 4, 2013) (same).

The third factor the Court must consider is whether Plaintiffs' conduct is isolated, or is part of a history of dilatoriness, as well as the need to deter such conduct. Here, there is substantial need for deterrence. Plaintiffs have already demonstrated their propensity for neglecting discovery deadlines. Indeed, just a few months ago, Plaintiffs failed to timely respond to Defendant's Request for Admissions. *See* ECF No. 32. The Court therefore finds that Plaintiffs' disregard for their scheduled depositions, combined with their prior failure to timely respond to Defendant's Requests for Admission, undermines this Court's ability to manage this case effectively and "frustrates the fundamental purpose underlying the discovery rules to provide adequate information to litigants in civil trials." *Porreca*, No. 08-1924, 2009 WL 400626, at *7 (quoting *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 36 (3d Cir. 1979)); *see also Wake v. Nat'l R.R. Passenger Corp.*, No. 12-1510, 2013 WL 1316431, at *3 (D. Md. Mar. 27, 2013) ("The third factor, the need for deterring this type of conduct in the future, is also easily met, as Plaintiff has demonstrated an inclination towards ignoring the Federal Rules of Civil Procedure, Discovery Guidelines of this Court, and direct Court Orders."). As such, the third factor supports the issuance of sanctions against Plaintiffs.

Finally, the Court must consider whether a sanction less drastic than dismissal would be effective. The Fourth Circuit has emphasized the importance of warning a party prior to dismissing its claim as a discovery sanction. *See e.g.*, *Hathcock*, 53 F.3d at 40 ("[T]his court has

emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction."); *Choice Hotels Int'l v. Goodwin and Boone*, 11 F.3d 469, 471 (4th Cir. 1993) ("The plaintiff is entitled to be made aware of this drastic consequence of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid it."); *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (noting that the Fourth Circuit requires that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice") (citations omitted). Accordingly, dismissal would not be appropriate here because Plaintiffs have not had adequate warning about the possibility of dismissal for their failure to adhere to discovery deadlines and obligations.

The Court, nevertheless, believes that some sanctions are appropriate given Plaintiffs' history of flouting various discovery deadlines and obligations. Based upon the facts presented, the Court has determined that the appropriate sanction in this case should be the costs associated with the missed depositions – namely, the $684.64 for the interpreter and the court reporter. In reaching this conclusion, the Court notes that, ultimately, Plaintiffs made themselves available for deposition on the scheduled day – albeit in a delayed fashion. Unfortunately, however, the depositions were unable to proceed because the interpreter had already left the deposition location and efforts to reach him or her were unsuccessful. *See* ECF No. 34 at 5. The Court will therefore not order Plaintiffs to pay for Defendant's attorneys' fees, as requested by Defendant. *See* Fed.R.Civ.P. 37(b)(2)(C). Instead, the Court limits the sanction award to the $684.64 associated with retaining the interpreter and the court reporter. The Court believes that this less

severe sanction is equally as likely to deter and dissuade Plaintiffs from committing any future violations.

## III. CONCLUSION

For the reasons discussed, Defendant's Motion for Sanctions (ECF No. 34) is GRANTED, in part, and DENIED, in part. A separate Order follows.

Dated: November 5, 2014 /S/
George Jarrod Hazel
United States District Judge