IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| JESSICA URIBE, ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| v. | | Case No.: GJH-14-0022 |
| | * | |
| AARON'S, INC. | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This is a diversity action brought by Plaintiffs Jessica Uribe and Ann Uribe (collectively, "Plaintiffs") against Aaron's, Inc. ("Defendant") arising from Plaintiffs' purchase of several mattresses from Defendant's store that were allegedly infested with bedbugs. This Memorandum and accompanying Order address Defendant's Motion for Summary Judgment (ECF No. 38). A hearing is unnecessary in this case. *See* Loc. R. 105.6 (Md.). For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

**I.    BACKGROUND**

Defendant is in the business of selling and leasing furniture, consumer electronics, home appliances, and accessories for residential customers. *See* ECF No. 2 at ¶ 3. On September 28, 2011, Plaintiffs purchased three mattresses from Defendant's store that were delivered to Plaintiffs' home several weeks later. *See id.* at ¶¶ 6, 7. Plaintiffs claimed that these mattresses were infested with bedbugs and that this alleged infestation caused injuries to Plaintiff Anne Uribe. *See id.* at ¶ 8. As a result, Plaintiffs filed this action against Defendant claiming that it

was negligent by (i) failing to maintain and sell clean and usable furniture; (ii) failing to inspect the mattresses after Plaintiffs called Defendant to give notice of the bedbugs; (iii) failing to take any remedial action to eradicate the bedbugs or to correct the situation; (iv) failing to train critical staff on how to identify the signs of bedbug infestations; and (v) failing to retain a properly licensed and trained pest control professional. *See id.* at ¶ 37. Additionally, Plaintiffs allege that Defendant violated the Maryland Consumer Protection Act by misrepresenting the quality of the mattresses at the time of purchase. *See id.* at ¶¶ 39-47.

Defendant has moved for summary judgment. *See* ECF No. 38. Plaintiffs' opposition to that motion was due on November 13, 2014. *See* Loc. R. 8(b) (Md.). Plaintiffs, however, did not file an opposition to Defendant's motion. The Court therefore ordered Plaintiffs to show cause, by no later than December 23, 2014, as to why the Court should not dismiss Plaintiffs' complaint for the reasons stated in Defendant's motion for summary judgment. *See* ECF No. 43. In its Order to Show Cause, the Court also directed Plaintiffs to file their oppositions to Defendant's motion for summary judgment. *See id.* The Court warned Plaintiffs that "[f]ailure to respond to th[e] Order to Show Cause may result in the immediate dismissal of this lawsuit." *Id.* Plaintiffs did not follow the Court's Order to Show Cause; in fact, Plaintiffs completely ignored it.

## II.     STANDARD OF REVIEW

Summary judgment is properly granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 806 (4th Cir. 2007) (citing Fed.R.Civ.P.56(c)). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.

1987). If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. To satisfy this burden, the non-moving party "must produce competent evidence on each element of his or her claim." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999). Although the Court "must draw all reasonable inferences in favor of the non-moving party," that party "may not create a genuine issue of material fact through mere speculation, or building one inference upon another." *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Runnenbaum v. NationsBank*, 123 F.3d 156, 163 (4th Cir. 1997). Indeed, the existence of only a "scintilla of evidence" is not enough to defeat summary judgment. *Anderson*, 477 U.S. at 251. Instead, the admissible evidentiary materials submitted must show facts from which the finder of fact could reasonably find in favor of the non-moving party. *Id.*

### III.   DISCUSSION

As an initial matter, the Court will grant Defendant's motion for summary judgment based on Plaintiffs' failure to respond to the Court's Order to Show Cause as well as their failure to respond to Defendant's motion for summary judgment, which the Court considers a formal abandonment of their claims. *See e.g.*, *Ferdinand–Davenport v. Children's Guild,* 742 F.Supp.2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB,* 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of the claim); *Johnson v. Nationstar Mortgage, LLC*, No. 14-02536, 2014 WL 5377636, at *2, n.2 (D. Md. Oct. 21, 2014) (dismissing

claim, in part, because plaintiff failed to respond to defense arguments raised in its motion to dismiss).

But even if the Court considered the substance of Plaintiffs' claims, it would still grant Defendant's motion for summary judgment. Plaintiffs have simply not provided any evidence to suggest that Defendant's mattresses were infested with bedbugs. At most, Plaintiffs can show that there were some types of bugs in their home following the delivery of the mattresses; but they have not identified any evidence to suggest that these bugs (bedbugs or otherwise) came from the mattresses provided to them by Defendant. There is therefore no evidence to suggest that Defendant breached a duty to Plaintiffs or that it engaged in any unlawful consumer practices. Accordingly, the Court will grant Defendant's motion for summary judgment for this additional reason.

## IV.     CONCLUSION

For the reasons discussed, Defendant's Motion for Summary Judgment (ECF No. 38) is GRANTED.

Dated: January 5, 2015                                /S/
                                                      George Jarrod Hazel
                                                      United States District Judge